IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PHYLISA DEVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 6:18-CV-238-ORL-41-TBS |
| AT&T CORP and FRANKLIN COLLECTION SERVICE, INC., | ) |
| | ) |
| Defendants. | ) |

FILED 2/15/18
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, PHYLISA DEVER, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendants, AT&T CORP and FRANKLIN COLLECTION SERVICE, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq. and Florida Consumer Collection Practices Act (hereinafter, "FCCPA"), Fla. Stat. § 559.55 et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. PHYLISA DEVER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Orlando, County of Orange, State of Florida.

5. AT&T CORP, (hereinafter, "AT&T") is a corporation conducting business within the State of Florida. Defendant is incorporated in the State of New York.

6. FRANKLIN COLLECTION SERVICE, INC., (hereinafter, "Franklin Collection") is a corporation engaged in the business of collecting debt within the State of Florida. Franklin Collection is incorporated in the State of Mississippi.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by Fla. Stat. § 559.55(8).

8. At all relevant times, AT&T acted as a "creditor" as that term is defined by Fla. Stat. § 559.55(5).

9. At all relevant times, AT&T acted as a "person" as that term is used in Fla. Stat. § 559.72.

10. At all relevant times, Franklin Collection acted as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

11. At all relevant times, Franklin Collection acted as a "person" as that term is used in Fla. Stat. § 559.72.

IV. **ALLEGATIONS**

**FACTS COMMON TO ALL COUNTS**

12. In or around June 2016, Plaintiff contacted AT&T to inquire about initiating internet and telephone service at her new home.

13. Initially, AT&T advised Plaintiff that AT&T would be able to provide the services Plaintiff requested and Plaintiff agreed to open an account for internet and telephone services with AT&T.

14. Shortly thereafter, in or around June 2016, AT&T advised Plaintiff that it would not be able to provide the requested services as Plaintiff's home was located in a new development that was not yet capable of receiving the requested services.

15. After learning that AT&T could not provide the services Plaintiff requested, Plaintiff cancelled her order and closed her account; Plaintiff then contacted Bright House Networks, who was able to provide the internet and telephone services Plaintiff requested.

16. AT&T has never provided any internet, telephone, cable television, or any other services to Plaintiff.

17. Notwithstanding the fact that AT&T never provided any services to Plaintiff, that Plaintiff did not have an active account with AT&T, and that Plaintiff owed no money to AT&T, on or about November 18, 2016, AT&T withdrew $93.27 from Plaintiff's Wells Fargo bank account.

18. Notwithstanding the fact that AT&T never provided any services to Plaintiff, that Plaintiff did not have an active account with AT&T, and that Plaintiff owed no money to AT&T, on or about December 20, 2016, AT&T withdrew $93.27 from Plaintiff's Wells Fargo bank account.

19. Fortunately for Plaintiff, she was able to have Wells Fargo place a "stop payment" on the charges while they were still pending and neither of the transfers were completed.

20. After unsuccessfully attempting to withdraw funds from Plaintiff's Wells Fargo account, AT&T placed Plaintiff's account, which allegedly had a balance due of $93.27 (the "Debt"), with various collection agencies.

21. The debt allegedly owed by Plaintiff, and on which AT&T was attempting to collect, was a debt allegedly for internet and telephone services at Plaintiff's residence.

22. On at least one occasion prior to November 1, 2017, Plaintiff spoke with a representative of AT&T and/or a collection agency calling Plaintiff on behalf of AT&T and advised the representative that Plaintiff did not owe AT&T any money as AT&T had never provided any services to Plaintiff.

23. AT&T instructed Sunrise Credit Services, Inc., to attempt to collect the Debt from Plaintiff in or around December 2016.

24. On or about December 30, 2016, Sunrise Credit Services, Inc., sent Plaintiff a correspondence attempting to collect the Debt from Plaintiff.

25. AT&T instructed Franklin Collection to attempt to collect the Debt from Plaintiff in or around November 2017, after Plaintiff had notified.

26. On or about November 1, 2017, Franklin Collection sent Plaintiff a correspondence attempting to collect the Debt from Plaintiff.

27. On or about December 22, 2017, Franklin Collection reported the Debt as a collection account on Plaintiff's credit report, negatively impacting Plaintiff's credit rating.

28. When Franklin Collection reported the Debt on Plaintiff's credit report, Franklin Collection Service, Inc., did not include a notation that the account was disputed by Plaintiff.

**COUNT I: PHYLISA DEVER V. AT&T CORP. FOR VIOLATION OF THE FCCPA**

29. Plaintiff re-alleges and incorporates by reference paragraphs 1-28 of this complaint as though fully set forth herein.

30. At all relevant times, Sunrise Credit Services, Inc., Franklin Collection Service, Inc., and all other collection agencies retained by Defendant were acting on behalf of AT&T to attempt to collect the Debt.

31. At all relevant times, each attempt made by Sunrise Credit Services, Inc., Franklin Collection Service, Inc., and all other collection agencies retained by AT&T to collect the Debt was in fact an indirect attempt by Defendant to collect the Debt.

32. At all relevant times, AT&T set into motion the collection efforts of Sunrise Credit Services, Inc., Franklin Collection Service, Inc., and all other collection agencies retained by AT&T to collect the Debt.

33. In its attempts to collect the debt allegedly owed by Plaintiff, AT&T violated the FCCPA, Fla. Stat. § 559.55 *et seq.* in one or more of the following ways:

   a. Willfully communicating with a debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family. Fla. Stat. § 559.72 (7);

   b. Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. § 559.72 (9);

   c. Was otherwise deceptive and failed to comply with the provisions of the FCCPA.

34. As a result of AT&T's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT II: PHYLISA DEVER V. FRANKLIN COLLECTION SERVICE, INC. FOR VIOLATION OF THE FDCPA

35. Plaintiff re-alleges and incorporates by reference paragraphs 1-28 of this complaint as though fully set forth herein.

36. Franklin Collection has reported the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

37. Despite the fact that Plaintiff did not owe the Debt, Franklin Collection reported the Debt as being owed by Plaintiff.

38. Despite the fact that Plaintiff had disputed the Debt, Franklin Collection failed to report the Debt as disputed.

39. If Franklin Collection had communicated to the consumer reporting agencies that the debt was disputed as Congress mandated it do in § 1692e(8), the consumer reporting agencies then would have been required under the Fair Credit Reporting Act, 15 U.S.C. § 1681c(f), to disclose that fact to all subsequent credit grantors and other users of Plaintiff's consumer reports that include information regarding the debt.

40. In addition, the consumer reporting agencies' obligatory notation on Plaintiff's consumer reports that the debt is disputed would have neutralized the negative impact of the debt under many credit scoring systems. See e.g. *Saunders v. Branch Banking and Trust Co. of Virginia*, 526 F.3d 142, 150 (4th Cir. 2008).

41. Franklin Collection's failure to comply with §1692e(8) therefore was deceptive and misleading since, among other things, it deprived future users of Plaintiff's consumer reports of essential information relevant to their assessment of Plaintiff's credit worthiness and of Plaintiff's eligibility for other benefits for which the report may be employed and adversely impacted Plaintiff's credit score under certain credit scoring systems.

42. In its attempts to collect the debt allegedly owed by Plaintiff to AT&T, Franklin Collection violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

43. As a result of Franklin Collection's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### COUNT III: PHYLISA DEVER V. FRANKLIN COLLECTION SERVICE, INC. FOR VIOLATION OF THE FCCPA

44. Plaintiff re-alleges and incorporates by reference paragraphs 1-28 and 35-43 of this complaint as though fully set forth herein.

45. In its attempts to collect the debt allegedly owed by Plaintiff, Franklin Collection violated the FCCPA, Fla. Stat. § 559.55 *et seq.* in one or more of the following ways:

    a. Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false. Fla. Stat. § 559.72 (5);

    b. Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. Fla. Stat. § 559.72 (6);

    c. Willfully communicating with a debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family. Fla. Stat. § 559.72 (7);

    d. Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. § 559.72 (9);

  e. Was otherwise deceptive and failed to comply with the provisions of the FCCPA.

46. As a result of Franklin Collection's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

47. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PHYLISA DEVER., by and through her attorneys, respectfully prays for judgment as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00 for AT&T's violations of the FCCPA;

  c. Statutory damages of $1,000.00 for Franklin Collection's violations of the FCCPA;

  d. Statutory damages of $1,000.00 for Franklin Collection's violations of the FDCPA;

  e. Punitive damages;

  f. Plaintiff's attorneys' fees and costs;

  g. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
PHYLISA DEVER

By: _____
David M. Marco
Attorney for Plaintiff

Dated: February 13, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithmarco.com